IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **MLO PROPERTIES LLC** | : | CASE NO. |
| 614 W. Superior Avenue, Suite 200 | | |
| Cleveland, Ohio 44113, | : | JUDGE |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| **CITY OF CLEVELAND, OHIO** | : | |
| A Municipal Corporation | | |
| Cleveland City Hall | : | |
| 601 Lakeside Avenue | | |
| Cleveland, Ohio 44114, | : | |
| | | |
| Defendant. | : | |

---

**COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION,
PERMANENT INJUNCTION, RESTORATION OF REAL PROPERTY,
COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND ATTORNEY'S FEES
AND COSTS, PURSUANT TO 42 USC 1983, *et seq.***

---

Now comes Plaintiff, MLO Properties LLC ("MLO"), by and through its attorney, and for its Complaint against Defendant, City of Cleveland, Ohio ("City"), states the following:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

    **A.     Introduction**

    1.     This proceeding is brought by Plaintiff, as the owner of certain real estate in the City of Cleveland, generally located at the intersection of Old Ontario Avenue and Carnegie

1

Avenue, being comprised of three parcels of land occupying approximately 3.6 acres, being Cuyahoga County Permanent Parcels Numbers 101-31-009, 101-31-014 and 101-31-015 (collectively the "Property").

2. The sum and substance of the proceeding is that Defendant City has unlawfully and improperly confiscated certain parts of the Property and/or unlawfully and improperly extinguished previously existing public street access to the Property, rendering it unusable and devalued by over $4,500,000.00. MLO asserts that all of these acts were improperly undertaken by the City under apparent color of law and further deprived MLO of due process rights applicable to the City's conduct. No compensation has been provided by the City for the confiscation/taking.

**B.  The Parties**

3. MLO is the fee owner of the Property. MLO acquired the Property from a Trust in 2018 and appurtenant to the Property is the dedicated public right of way known as (Old) Ontario Avenue. There are no mortgages, liens, claims, or other impairments of record with respect to the Property. (*See,* Exhibit "A", Map/Aerial).

4. The City is a "home rule" municipality nominally with all powers conferred upon it by the Ohio Revised Code, including, but not limited to: (i) the dedication and vacation of public streets and highways; and (ii) seeking ownership and title to real property by operation of eminent domain, all within the geographical limits of the City.

**C.  The City's Usual and Customary Legal Authority and Powers**

5. As a "home rule" municipality, the City has the right to appropriate real property from its citizens for the purpose of establishing and dedicating to the public use as rights of way. This authority can be exercised by arms-length negotiations or by the commencement of

2

proceedings in the Cuyahoga County Probate Court by the City, as plaintiff, and in such proceedings naming the owners of any subject property as defendants.

6. Additionally, the City has the right to seek vacation of any existing public street or highway by means of either the procedure set forth in the Ohio Revised Code, as noted below, or by operation of a duly enacted City Ordinance.

7. It is presumed that such proceedings by the City are authorized under Ohio law, Ohio Revised Code, at:

    a. 719.01 – Appropriation of Property for Public Use

    b. 723.02 – Changing or Appropriation of Property for Public Streets

    c. 723.08 – Vacation of Public Streets and Highways Cannot Impair Adjacent Property Owners Rights

8. Additionally, and notwithstanding the foregoing statutory grants of authority pursuant to the Ohio Revised Code, the City does not have other statutory powers, or powers under any City Ordinance to confiscate real property by outright occupation or by removal of access to real property by de facto abandonment of a duly dedicated public street and/or converting it into other uses, and as such, denying MLO an adjacent/abutting property owner of access to the street and connecting streets and highways.

**D.** **Old Ontario**

9. In the 1970's the City and the County of Cuyahoga embarked on what is known as the "Gateway" project. This project established a de facto quasi-public entity which was conferred statutory powers or eminent domain.

10. This project consisted of the acquisition by eminent domain or otherwise substantially all of the privately-owned real property that now comprises the Progressive Field and Quicken Loans sports complexes. In this process, the northerly portion of Broadway Avenue, from Carnegie Avenue to Public Square, was reconfigured and renamed "Ontario".

11. Not included in the Gateway project was another existing street designated in the records of the City Engineer as "Ontario" which was lawfully dedicated in approximately 1922 as a public street and remains so to this date. Said street as identified above, "Ontario" connected to "Broadway" at approximately Eagle Avenue to the north, and Carnegie Avenue to the south. This street was approximately 700 feet in length with an 80 foot right of way. (*See*, Exhibit "A", Map/Aerial). Notably, in this proceeding and in all prior communications with the City, this street is referred to as "Old Ontario". Critically, MLO's Property, in part, by each of the above-identified parcel numbers, are abutted with the westerly boundary of the right of way of Old Ontario for its entire length.

### E. The Confiscation, Restriction and Continuing Harm

12. MLO, having recently acquiring the Property, became aware that its predecessor in title, the MLO Property Trust, has made several inquiries to the City beginning on September 10, 2018, to:

    a. Determine under what authority, processes, or procedures that the City had apparently closed and eradicated Old Ontario for its entire length and installed a park and sidewalk, which not only encroached upon MLO's Property, but also completely denied access from the Property to Carnegie Avenue to the south, and Eagle Avenue to the north. The City did not substantively respond to these communications. (*See*, Exhibits "B", "C" and "D", MLO Property Trust communications to the City).

    b. Determine how and by what means the City had undertaken to vacate, terminate access to, and/or construct the existing park and sidewalk, which

also encroaches upon the Property. This inquiry took the form of a Request pursuant to Ohio Revised Code 149.42. (*See,* Exhibit "E", O.R.C. 149.42 Request; and Exhibits "F" and "G", follow-up communications with the City).

13. The foregoing Request was processed by the City on February 13, 2019, and the City responded via its Law Department and stated that it had *no records* of the activities and undertakings which has resulted in the conversion/eradication/confiscation of Old Ontario as a street and 'conversion' to a park and sidewalk, and the extinguishment of MLO's access to the still duly dedicated and lawfully existing Old Ontario right of way. (*See,* Exhibit "H", City response).

14. In addition, MLO researched the archives of the City (City Engineer and Ordinance Archives), as well as the records of the Common Pleas and Probate Courts for Cuyahoga County, and substantively determined from these records that:

   a. Ontario Avenue/Street was dedicated to the public use in approximately 1922 and it remains on all of the public records of the City as a duly dedicated public street within the legal limits of the City;

   b. That no proceeding by Ordinance, statute, or other legislative acts, of 'vacation' or 'abandonment' has been undertaken by the City to cause Old Ontario to be vacated or abandoned, or otherwise without limitation, ceasing to be a duly dedicated street in the City;

   c. That no 'County' proceeding under eminent domain was commenced by the City, any agency of the State of Ohio, or any private entity with statutory powers of eminent domain, to acquire any part of the Property or its rights of access to and passage over and through Old Ontario.

15. Further, the City, by its formal response to the O.R.C. 149.42 Request, officially confirmed that *no records exist* of any vacation, abandonment, or taking by eminent domain of Old Ontario, or any interest in the Property. (*See,* Exhibit "H").

16. The Trust also provided the Ohio Department of Transportation ("ODOT") with a Request pursuant to O.R.C. 149.42, and the response by ODOT consisted of over 4,000 pages of

5

documents and engineering materials, which contained no information which would demonstrate or indicate that the confiscation of the Property was somehow undertaken by ODOT during its reconfiguration of the Interstate 71 bridge approaches and innerbelt 'remodeling'. (*See,* Exhibit "I", ODOT response).

17. Further, even presuming that by some presently unknown events, Old Ontario was somehow secretly and legally vacated, under such a scenario, that part of Old Ontario between the centerline and the westerly line of the right of way would therefore devolve by operation of law to the Property and MLO.

18. In view and in the context of the foregoing, the City either permitted an unknown third party to confiscate Old Ontario, remove the pavement, sewers, curbs and gutters, and install at least $300,000 to $400,000 worth of foundations, sewers, unit pavers, landscapes, fences, and accessories (unlikely), or by its own acts or omissions caused Old Ontario to be confiscated and 'converted' to a park and walkway, encroach upon the Property and extinguish any access to Old Ontario from the Property. Indeed, all such area from the westerly right of way (eight lane) Ontario is now under the dominion and control of the City. These acts, omissions and/or events constitute an unlawful confiscation of the Property and its rights of ingress and egress, and by such confiscation, MLO has been denied each and every right of due process afforded it under State law, the City's ordinances, and the United States Constitution.

19. The Fifth Amendment of the Constitution of the United States provides that no person shall be deprived of a right to property without due process of law, and as set forth above, the City has confiscated the Property, and the public street access property rights of MLO by its conduct which has been asserted by the City to be undertaken under the color or law. However,

6

such confiscation has occurred absent any undertaking of due process whatsoever as required by law for the taking of a public right of way and/or privately-owned real estate such as the Property.

### F. Damages

20. The Property has been the subject of several efforts to develop it from raw land to hotel, commercial, and residential uses. Such development is attractive because of the extraordinarily strategic location of the Property adjacent to Gateway, downtown, major streets, the Lorain-Carnegie bridge, and three interstate highways.

21. No development can now occur because of the confiscation of the Property and its rights of access to Old Ontario by the City. The Property has been variously valued for development at between $3,000,000.00 and $3,500,000.00.

22. The value of the Property can also be determined by reference to a directly comparable value; ODOT acquired by eminent domain and eventual arms-length negotiation, property adjacent to the Property directly across Old Ontario to the east, at a value which would fairly and reasonably equate to the Property. And, as such the Property after a restoration of Old Ontario can be reasonably valued at over $4,500,000.00. However, due to the confiscation of the Property by the City, it is effectively without commercial value.

### FIRST CAUSE OF ACTION

**Demand for Declaratory Judgment and/or a Finding of Violation of 42 USC 1983 by City, and Restoration of Old Ontario; Temporary and Permanent Injunction Prohibiting Vacation of and/or Confiscation of Egress and Ingress to Old Ontario**

23. MLO restates and realleges all of the allegations set forth in Paragraphs 1 through 22 of its Complaint as if fully rewritten herein.

24. MLO has stated above that the conduct in controversy consisted of the confiscation of MLO's rights to ingress and egress from its easterly boundary on the duly dedicated right of way of Old Ontario by the City and such right is a property right that can only be acquired by the City by way of one or more operations of due process, as noted above.

25. In addition, such conduct is unauthorized under State law and/or the City's Ordinances and is de facto barred by the foregoing cited sections of the Ohio Revised Code which identify and proscribe the sole and exclusive due processes for acquiring real estate or any rights thereunder.

26. Further, the conduct and acts of confiscation have been undertaken by the City under one or more 'policies' adopted by the City with respect to the establishment of parks and green spaces and such acts and omissions are the clear and undisputed causal connection between the conduct, confiscation and the harm suffered by MLO and, as such, the City enjoys no general or qualified immunity for such conduct.

27. Additionally, the present confiscation of the Property by the City does not constitute a 'taking' as permitted by Ordinance or State law, a 'vacation' of Old Ontario by operation of State law or Municipal Ordinance, nor by any other operation of due process as required for divesting a person of real property and/or rights of use under the United States Constitution.

28. Therefore, MLO respectfully requests this Court enter a Declaratory Judgment finding and determining that the confiscation of MLO's lawful rights to abut and use Old Ontario as a duly dedicated street is violation of MLO's rights under the United States Constitution pursuant to 42 USC 1983 and: (i) order the City to promptly restore the Old Ontario right of way as set forth in the records of the City Engineer and Department of Streets to the condition existing

at the date of confiscation; (ii) to otherwise provide unrestricted access, ingress and egress from the Property onto Old Ontario; (iii) temporarily and permanently enjoin and prohibit the City from any future confiscation of the Property; and (iv) award Plaintiff its attorney's fees, expenses and the costs of this proceeding.

## SECOND CAUSE OF ACTION

### Demand for a Declaratory Judgment and/or a Finding of Violation of 42 USC 1983 by the City; Temporary and Permanent Injunction Prohibiting the City's Taking of the Property by Eminent Domain

29. MLO restates and realleges all of the allegations set forth in Paragraphs 1 through 28 of its Complaint as if fully rewritten herein.

30. Notwithstanding that the City may nominally enjoy and/or assert presumptive rights of eminent domain under State law, to seek any such retroactive remedy to cure or abrogate the existing confiscations would effectively operate to sequentially violate MLO's rights under the United States Constitution, as no public purpose required by law for eminent domain exists or could exist as merely a proceeding which only seeks to cure the existing and ongoing violations of 42 USC 1983 by the City.

31. Therefore, MLO respectfully requests this Court enter Declaratory Judgment and find that the confiscation of MLO's lawful rights to abut and use Old Ontario as a duly dedicated street is a violation of MLO's rights under the United States Constitution pursuant to 42 USC 1983, and: (i) order the City to be temporarily and permanently enjoined from commencing and/or maintaining any eminent domain proceedings under State law or otherwise seeking to take or acquire the Property or otherwise remove unrestricted access, ingress and egress from the Property

onto Old Ontario; and (ii) award MLO its attorney's fees, expenses, and the costs of this proceeding.

### THIRD CAUSE OF ACTION

### Demand for a Finding of Violation of 42 USC 1983 and Determination and Award of Compensatory Damages Arising From Confiscation

32. MLO restates and realleges all of the allegations set forth in Paragraphs 1 through 31 of its Complaint as if fully rewritten herein.

33. 42 USC 1983 provides for an award of monetary damages to a plaintiff if the violation of 42 USC 1983 by a defendant cannot be 'cured' or reversed by the court, and that such damages must reasonably compensate plaintiff for the harm caused by defendant.

34. In the event that this Court is unable to proceed to order or compel the restoration of Old Ontario by the City, then this Court is respectfully requested to order the City to compensate MLO for the confiscation of the Property generally pursuant to the principles of law governing any taking by an authority with such rights under the law.

35. MLO further states that because of the unique topography of the Property, any taking compensation cannot be otherwise determined or in any manner limited to: (i) the value of MLO's one-half (1/2) share of the Old Ontario right of way; and/or (ii) the taking of any encroachment by the City. Such compensation would be both improper and inadequate because taking of the rights of access to Old Ontario effectively totally damages the residual as it is not readily or commercially accessible from any of its other boundaries.

36. The foregoing is a critical element of MLO's damages and due process rights ; all of which would have been obvious to the City at the time of the confiscation because:

10

(i) The westerly parts of the parcels comprising the Property are bisected by the public record and plainly observable right of way (but not the air rights) of the RTA rapid transit tracks from the east toward Terminal Tower

(ii) The Property is bounded on the south by the similarly observable and public record right of way of Carnegie Ave. and the Lorain-Carnegie bridge

(iii) The Property is bounded on the North by similarly observable and public record descriptions of the Eagle Avenue bridge abutment and a Cleveland Municipal Power sub-station.

(See: Exhibit A)

37. MLO, therefore, respectfully requests the Court determine that the City violated 42 USC 1983 by its unlawful confiscation and award damages in the sum of the entire value of the Property, as would be included in a commercial development with lawful and continued access to Old Ontario; and thus valued at no less than Four Million Five Hundred Thousand Dollars ($4,500,000.00)

38. Therefore, MLO respectfully requests this Court find that the confiscation of MLO's lawful rights to abut and use Old Ontario as a duly dedicated street constitutes a violation of MLO's rights under the United States Constitution pursuant to 42 USC 1983, and determine MLO's damages as if such confiscation constituted a de facto form of 'hypothetically legitimate' taking of the entire Property and as such, award monetary damages to MLO for such de facto taking in the sum of Four Million Five Hundred Thousand Dollars ($4,500,000.00); as well as its attorney's fees, expenses, and costs of this proceeding.

11

## FOURTH CAUSE OF ACTION

### Demand for Declaratory Judgment and/or a Finding of Violation of 42 USC 1983, and Determination and Award of Punitive Damages Arising From Confiscation and Subsequent Conduct

39. MLO restates and realleges all of the allegations set forth in Paragraphs 1 through 38 of its Complaint as if fully rewritten herein.

40. 42 USC 1983 provides for an award of punitive damages to a plaintiff if the violation of 42 USC 1983 by a defendant, and if defendant acts intentionally with callous disregard for plaintiff's rights.

41. 42 USC 1983 nominally insulates municipalities against claims for punitive damages unless such are an outrageous abuse of constitutional rights, and/or constitute oppression or insult; in this case; the willful and blatant confiscation of MLO's Property and appurtenant rights of ingress and egress, and refusal to restore such after notice and demand.

42. It is uncontroverted that MLO has properly, consistently, and repeatedly notified the City of its wrongdoing and harm, and it is uncontroverted that the City has not only refused to substantively respond, but has in fact asserted that the confiscation is not subject to State law or Ordinance, and is a continued willful and blatant confiscation of MLO's Property and appurtenant rights. (*See,* Exhibits "B" through "H").

43. The proposal and principles of punitive damages is based on: (i) the ability of the defendant to pay any such determination; (ii) the right of a plaintiff to additional monetary damages for its harm from the delay of any relief sought by the egregious conduct of a defendant; and (iii) the concept that a punitive award should act as a fair and reasonable deterrent to the defendant ensuring forbearance of such conduct in the future.

44. With regard to the foregoing: (i) it is uncontroverted that the City has the 'ability' to pay not only the monetary damages sought herein, but: (ii) any fair and reasonable punitive damages award; and (iii) that the amount of punitive damages to be awarded should be sufficient to deter any such conduct in the future.

45. In this matter, it is clear that the City was fully aware of the confiscation of MLO's Property and appurtenant rights as it: (i) maintains the records of its streets in the office of the City Engineer; (ii) is fully aware that no ordinance was ever enacted to lawfully vacate Old Ontario; (iii) that no statutory eminent domain proceedings had been commenced to seek the Property which was confiscated; and (iv) notwithstanding that the City has certified pursuant to ORC 149.42 that it 'has no records' of the events described herein; it has been made fully aware of its alleged wrongdoing since September, 2018; nonetheless the harm to MLO of the obvious confiscation continues.

46. In the foregoing context, the Court is respectfully urged to recognize that the right to own real property and its appurtenant rights is so firmly established in the fabric of the law and the courts that willful, blatant, and egregious conduct such as demonstrated by the City cannot be permitted to be acceptable; and that the City, having been made aware of the conduct, simply stonewalled MLO and continues the harm of confiscation and restriction.

47. In view of the foregoing, however, an award of punitive damages should not be so large as to unduly punish the taxpaying citizens which would thus not have access to funds otherwise budgeted for their collective benefit. However, in the context of the annual budget of the City of approximately $650,000,000.00, such would not be measurably impacted by a reasoned award.

48. It is plain from its continuous stonewalling (including its O.R.C. 149.42 'response') and limited substantive responses; that the City is neither interested in reversing or ameliorating its conduct or is even remotely concerned by its blatant confiscation of the Property. Decisions to engage in both the confiscation and the stonewalling are not spontaneous events or actions by the 'City' but are instead the obvious result of decisions made by public officials and constitute a continuing harm to MLO.

49. In the foregoing context, the Plaintiff respectfully requests that this Court determine that the conduct of the City and its officials constituted and continues to constitute an outrageous abuse of constitutional rights, and/or constitute oppression or insult; in this case, willful and blatant confiscation of MLO's Property and appurtenant rights of ingress and egress, and refusal to restore such after notice and demand. Therefore, an award of punitive damages in the sum of Six Million Five Hundred Thousand Dollars ($6,500,000.00) is: (i) reasonably related to MLO's demand for Four Million Five Hundred Thousand Dollars ($4,500,000.00) in compensatory damages; (ii) constitutes only 1/10 of 1% of the City's 2019 budget, thus its citizens will not suffer; and (iii) is an amount that would be reasonably expected to deter the City and any persons responsible for the confiscation and subsequent stonewalling from such conduct in the future.

50. Therefore, MLO respectfully requests that the City be found to have engaged in a violation of 42 USC 1983, and also an outrageous abuse of constitutional rights, and/or constitute oppression or insult; in this case, willful and blatant confiscation of MLO's Property and appurtenant rights of ingress and egress, and refusal to restore such after notice and demand. Therefore, award MLO punitive damages in the sum of Six Million Five Hundred Thousand Dollars ($6,500,000.00)

51. MLO further respectfully requests that any award of punitive damages be considered by this Court independently of any determination or order of relief which results in the restoration of Old Ontario and/or an award of compensatory damages; for the appropriate and necessary purpose of constituting a deterrent to any such future conduct.

WHEREFORE, MLO respectfully requests that this Court make the following determinations, judgments and awards of compensatory and punitive damages:

    A.    On MLO's First Cause of Action – enter Declaratory Judgment and/or find that Confiscation of MLO's lawful rights to abut and use Old Ontario as a duly dedicated street is violation of MLO's rights under the United States Constitution pursuant to 42 USC 1983 and: (i) order the City to promptly restore the Old Ontario right of way as set forth in the records of the City Engineer and Department of Streets to the condition existing at the date of confiscation; (ii) to otherwise provide unrestricted access, ingress and egress from the Property onto Old Ontario; (iii) temporarily and permanently enjoin and prohibit the City from any future confiscation of the Property; and (iv) award MLO its attorney's fees, expenses and costs of this proceeding;

    B.    On MLO's Second Cause of Action – enter Declaratory Judgment and/or find that the confiscation of MLO's lawful rights to abut and use Old Ontario as a duly dedicated street is a violation of MLO's rights under the United States Constitution pursuant to 42 USC 1983, and: (i) order the City to be temporarily and permanently enjoined from commencing and/or maintaining any eminent domain proceedings under State law or otherwise seeking to take or acquire the Property or otherwise remove unrestricted access, ingress and egress from the Property onto Old Ontario; and (ii) award MLO its attorney's fees, expenses and costs of this proceeding;

    C.    On MLO's Third Cause of Action – enter Declaratory Judgment and/or find that the confiscation of MLO's lawful rights to abut and use Old Ontario as a duly dedicated street is a violation of MLO's rights under the United States Constitution pursuant to 42 USC 1983 and determine MLO's damages as if such confiscation was a hypothetically legitimate taking and award monetary damages to MLO (i) in the sum of $4,500,000.00 (Four Million Dollars); and (ii) its attorney's fees, expenses and costs of this proceeding;

    D.    On MLO's Fourth Cause of Action – enter Declaratory Judgment and/or find that the City has engaged in a violation of 42 USC 1983 and such is an outrageous abuse of constitutional rights, and/or constitute oppression or insult; in this case, willful and blatant confiscation of MLO's Property and appurtenant rights of ingress and

egress, and refusal to restore such after notice and demand. Therefore, award MLO punitive damages in the sum of $6,500,000.00 (Six Million Dollars); and that any such award of punitive damages to be considered by this Court, independent of any determination or order of relief which results in: (i) the restoration of Old Ontario; (ii) any injunctive relief; (iii) an award of monetary damages; (vi) MLO's reasonable attorney's fees, expenses, and costs; and/or (v) any combination thereof or other such relief as this Court may find reasonable under law or equity.

E. Award MLO as for its Third and Fourth Causes of Action a total monetary judgment of compensatory and punitive damages in the sum of $11,000,000.00 (Eleven Million dollars)

Therefore, MLO respectfully requests that this Court grant the relief set forth herein, and any other relief that this Court shall find just, reasonable, and equitable.

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC:

/s/ Robert W. McIntyre
ROBERT W. McINTYRE (0006768)
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124
(440) 446-1100 – Phone
(440) 446-1240 – Fax
rmcintyre@dhplaw.com
Attorney for Plaintiff

16