**DINN HOCHMAN & POTTER, LLC**

5910 Landerbrook Drive
Suite 200
Cleveland, OH 44124
440 • 446 • 1100
440 • 446 • 1240 (FAX)
dhp@dhplaw.com (E-Mail)
www.dhplaw.com

ATTORNEYS

Writer's Direct Dial
(440) 544-1119
rmcintyre@dhplaw.com

September 27, 2018

Barbara Langhenry, Director of Law
City of Cleveland
601 Lakeside Avenue
Cleveland, Ohio 44114

Re: MLO Property Trust and City of Cleveland

Dear Ms Langhenry:

I spoke to you about a week ago by phone regarding the MLO Trust situation and my letter to you of September 10, 2018 (enclosed). Since you mentioned that you had just returned from vacation and had not reviewed my letter, I agreed to not insist on a response from the City by the deadline set forth in the letter (September 21, 2018).

You also mentioned that you might refer my letter to one or more of the City's departments for response; however, to date, I have not been contacted by yourself or any City representative.

As I noted in my letter and in our call, this situation will not go away or improve with the passage of time. Every day my client cannot reasonably entertain development of the property is a delay in realizing their value in the property.

In summary, it is essential that the City respond to the MLO communications, as presently:

(i) At the very least, the City must clearly demonstrate that it followed appropriate legal processes and procedures to vacate old Ontario and, therefore, would be required to immediately remove such of the Park that is located on my client's devolved westerly one-half (1/2) of old Ontario;

(ii) If the street was not vacated as we believe, because the closure of the street and the installation of the Park eliminated my client's ingress and egress, we need the City to provide a reasonably expedited hard schedule for the re-opening of old

**EXHIBIT "C"**

Ontario and the restoration of MLO's access to the street so that my client can proceed to seek the highest and best use of its property;

(iii) I do not believe that the City can 'cure' the situation by a taking or a retroactive vacation without risking substantial legal consequences, as such could be viewed as a material prejudice to my client's due process rights; and

(iv) Because the issue of ingress and egress is so critical for the property, we would take the position in any 'taking' or even a 'vacation' that the residual would be de facto, rendered valueless, and thus the taking of part would be, effectively, a taking of the entire property.

In closing, we are ready and willing to sit down with the City and informally discuss the situation to try to find a practical and fair solution; however if the City will not respond, our options are very limited and would, if taken, make a consensual resolution with the City in the future substantially less likely.

Your most prompt response is requested.

Very truly yours,

Robert W. McIntyre

enclosure(s)